STUART C. CLARK (SBN 124152)
Email: clark@carrferrell.com
CARR & FERRELL LLP
120 Constitution Drive
Menlo Park, California 94025
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for OBJECTIVITY, INC.

HSIAO C. (MARK) MAO, ESQ. (SBN 236165)
KAUFMAN DOLOWICH & VOLUCK, LLP
Email: mmao@kdvlaw.com
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone: (415) 926-7600
Facsimile: (415) 926-7601

Attorneys for EXPONENTIAL
INTERACTIVE, INC. and JOHN RETTIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OBJECTIVITY, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>EXPONENTIAL INTERACTIVE, INC., a corporation, and JOHN RETTIG, an individual,<br><br>Defendants. | Case No. 3:14-cv-01434-EMC<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE TO AMEND COMPLAINT** |

WHEREAS:

A.      Plaintiff Objectivity, Inc. ("Objectivity") seeks leave to amend its complaint to add additional alleged breaches to its breach of contract claim, and to make consequential changes to its copyright claim and to other aspects of the existing complaint, as stated in the [proposed] First Amended Complaint attached hereto as Exhibit "A";

B.      Objectivity alleges that it was not on notice of the additional claims referenced in the [proposed] First Amended Complaint until sometime after this action commenced;

C.      Defendants Exponential Interactive, Inc., and John Rettig ("Defendants") deny and dispute Objectivity's allegations, but stipulate to the allowance of the [proposed] First Amended Complaint on the basis that: (1) Defendants are not thereby agreeing, conceding, or admitting any of the allegations made in the [proposed] First Amended Complaint, (2) Defendants reserve any and

1  all rights to challenge the [proposed] First Amended Complaint, including but not limited to

2  challenges on the basis of any statutes of limitations, laches, waiver, or contractual defenses.

3        NOW THEREFORE, IT IS HEREBY STIPULATED by and between Objectivity and

4  Defendants, through their undersigned counsel, that Objectivity may file the [proposed] First

5  Amended Complaint attached hereto as Exhibit "A".

6

7  Dated: January 9, 2015                     By: /s/ Stuart C. Clark
                                              Stuart C. Clark, Esq.
8                                             CARR & FERRELL LLP
                                              Attorneys for Plaintiff Objectivity, Inc.
9

10

11  Dated: January 9, 2015                    By: /s/ Hsiao C. (Mark) Mao
                                              Hsiao C. (Mark) Mao, Esq.
12                                            KAUFMAN DOLOWICH & VOLUCK, LLP
                                              Attorneys for Defendants Exponential
13                                            Interactive, Inc. and John Rettig

14

15  IT IS SO ORDERED. Plaintiff to file the first amended complaint
                      as a separate document.
16

17  Dated: January 13, 2015                   _____

18                                            HON. EDWARD M. CHEN
                                              UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28

# Exhibit A

1  STUART C. CLARK (SBN 124152)
   clark@carrferrell.com
2  CARR & FERRELL LLP
3  120 Constitution Drive
   Menlo Park, California 94025
4  Telephone:  (650) 812-3400
   Facsimile:   (650) 812-3444
5

6  Attorneys for plaintiff OBJECTIVITY, INC.

7

*EXHIBIT A*

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  OBJECTIVITY, INC., a corporation,          CASE NO. 3:14-cv-01434-EMC

12                    Plaintiff,               **FIRST AMENDED COMPLAINT**
                                               **BY OBJECTIVITY, INC. FOR**
13        v.                                   **BREACH OF CONTRACT,**
                                               **COPYRIGHT INFRINGEMENT,**
14                                             **AND MISREPRESENTATION**
    EXPONENTIAL INTERACTIVE, INC., a
15  corporation, and JOHN RETTIG, an           **DEMAND FOR JURY TRIAL**
    individual,
16

17                    Defendants.

18

19                    I.    **INTRODUCTION**

20        1.      Plaintiff Objectivity, Inc. ("Objectivity") asserts claims against defendant

21  Exponential Interactive, Inc. ("Exponential") for breach of contract and copyright infringement,

22  arising from Exponential's use of Objectivity's "Objectivity DB" software (the "Software") in ways

23  not authorized by the license agreement between the parties, as is more fully alleged below.

24  Objectivity also asserts claims against Exponential and its chief financial officer, defendant John

25  Rettig ("Rettig"), for intentional misrepresentation, or alternatively negligent misrepresentation.

26  These misrepresentation claims arise from Rettig's and Exponential's false written representation

27  that Exponential has been and is using the Software in strict compliance with all of the restrictions

28  set forth in the license agreement.  Objectivity seeks damages on all claims, injunctive relief barring

{00825270v1}                              1.

1  unauthorized use of the Software, costs (including attorney's fees on the copyright claim), interest,

2  and such further or alternative relief as may be appropriate.

## II.   JURISDICTION

3

4

5          2.      This Court has original jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338(a),

    because this action includes a claim for copyright infringement arising under the United States
6
    Copyright Act, 17 U.S.C. § 501, and supplemental jurisdiction under 28 U.S.C. section 1367.
7

8

## III.   VENUE

9          3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because, among

10  other things, defendants conduct business in Alameda County, and a substantial part of the events

11  and omissions giving rise to these claims, including acts of infringement, occurred in that county.

12

## IV.   INTRA-DISTRICT ASSIGNMENT

13         4.      For the purposes of Civil L.R. 3-2(c) and (d), this is an intellectual property action

14  that may be assigned to any division of this District.

15

## V.   PARTIES

16         5.      Plaintiff Objectivity is a corporation that carries on the business of providing data

17  management solutions for commercial and government organizations, with its principal place of

18  business in San Jose, California.

19         6.      Defendant Exponential is, according to its website, a corporation that carries on the

20  business of a global provider of advertising intelligence and digital media solutions to brand

21  advertisers, with its principal place of business in Emeryville, California.  Exponential is the

22  surviving corporation after merging with Tribal Fusion, Inc. ("Tribal Fusion"), and is thus the

23  successor in interest of Tribal Fusion.

24         7.      Defendant Rettig is an individual who was at all material times employed as the

25  chief financial officer of Exponential, but who is no longer so employed.

26

## VI.   GENERAL ALLEGATIONS

27         8.      Objectivity is the owner of the copyright in the Software.  On November 18, 1994

28

Objectivity obtained U.S. Copyright Registration No. TX3-942-314 for the Objectivity DB software program.  A copy of the registration certificate is attached as Exhibit "A."

9.    The Software is one of Objectivity's software products.  It is a distributed and scalable object management database, enabling organizations to develop scalable solutions to discover hidden relationships for improved Big Data analytics, develop new ROI opportunities and improve inter-departmental business processes to achieve greater return on data related investments.

10.    As of March 31, 2006, which was a time when Exponential was still named Tribal Fusion, Objectivity entered into a written license agreement with Exponential (the "License Agreement") under which Exponential was granted rights to use the Software for certain limited purposes.  The rights granted to Exponential under the License Agreement were and are limited, among other things, to the installation and use of the Software on a single 2 CPU dual core server with unlimited users/processes.  Those rights did not include use of the Software with an application that is revenue generating and/or that will be offered to customers on an ASP based model.

11.    The license and maintenance and support fees payable to Objectivity under the License Agreement were based on Objectivity's then-current fees for the use by Exponential of the Software on a single 2 CPU dual core server, and excluding use with an application that is revenue generating and/or that will be offered to customers on an ASP based model.  If Exponential had sought and obtained a license to use the Software on a server with more CPUs and/or cores, and/or with an application that is revenue generating and/or that will be offered to customers on an ASP based model, the license and maintenance and support fees would have been higher based on the greater number of CPUs and cores of the server on which the Software was specified to be deployed and used, and on the use of the Software with an application that is revenue generating and/or that will be offered to customers on an ASP based model.

12.    On information and belief, Exponential has not limited its use of the Software to the single 2 CPU dual core server authorized under the License Agreement, but has instead installed and is using the Software, among others, on a server containing four CPUs with six cores each and also on a server containing two CPUs with four cores each.  Thus, instead of limiting its installation

FIRST AMENDED COMPLAINT BY OBJECTIVITY, INC. FOR BREACH OF CONTRACT,
COPYRIGHT INFRINGEMENT, AND MISREPRESENTATION

1    and use of the Software to an authorized 2 CPU server limited to two cores, Exponential has

2    installed and is using the Software on servers with more than the authorized 2 CPUs with two cores.

3        13.    During or about October, 2013, Objectivity received information that indicated that

4    Exponential was using the Software in a manner not authorized by the License Agreement, as

5    described in the preceding paragraph.  In December, 2013 Objectivity sought confirmation from

6    Exponential that the Software was not installed and being used other than on a single 2 CPU dual

7    core server.

8        14.    On or about December 11, 2013, Rettig represented in writing, both personally and

9    on behalf of Exponential, that "the Licenses are being used by Exponential only as permitted by,

10   and in strict compliance with all of the restrictions set forth in, the [License] Agreement."

11       15.    By virtue of the allegations in paragraph 12, above, with regard to Exponential's

12   installation and use of the Software on a server containing four CPUs with six cores each, the

13   representation by Rettig and Exponent referenced in the preceding paragraph was false.

14       16.    Subsequent to the representation by Rettig and Exponential referenced above,

15   Objectivity repeatedly sought further clarification from Exponential with regard to the nature and

16   extent of Exponential's actual use of the Software.  As of the date of this complaint Exponential has

17   failed and/or refused to provide an unequivocal statement with regard to the actual nature and extent

18   of its use of the Software, and specifically whether the Software is installed and is being used on

19   other than a 2 CPU dual core server.  The most recent communication from Exponential prior to the

20   filing of this action merely stated that "we are currently looking into this matter."

21       17.    Subsequent to the filing of this action, Objectivity has learned that Exponential is

22   also using the Software with an application that is revenue generating, and/or that is being offered to

23   customers on an ASP based model.  These uses consisted and consist of the use of the Software by

24   Exponential:

25

26           (a)    with an application that generates revenue, by providing essential elements of the

27                  services that Exponential offers to its customers in the course of its primary

28                  business of delivering advertising intelligence and digital media solutions to

{00825270v1}                                   4.

1    brand advertisers; and,

2        (b)    with an application that generates revenue, as part of Exponential's above-

3    described services, by offering services to customers on an ASP based model.

4                            **VII.**   **COUNT 1**

5    (Breach of Contract - Exponential)

6        18.    Objectivity repeats the allegations of paragraphs 1 through 16 above, as if

7    specifically set out herein.

8        19.    Under the License Agreement, Exponential agreed, among other things:

9        (a)    that it was and is authorized to install and use the Software only on a 2 CPU

10   dual core server, and in no other manner;

11       (b)    that it was not and is not authorized to use the Software with an application used

12   for a revenue generating purpose; and,

13       (c)    that it was not and is not authorized to use the Software with an application that

14   is offered to customers on an ASP based model.

15       20.    Exponential has breached the foregoing terms of the License Agreement by:

16       (a)    failing to fulfill its contractual promise not to use the Software other than on a 2

17   CPU dual core server, in that Exponential has installed and is using the Software

18   on, among others, a server containing four CPUs with six cores each, and also on

19   a server containing two CPUs with four cores each;

20

21       (b)    using the Software with an application used for a revenue generating purpose;

22   and,

23       (c)    using the Software with an application that is offered to customers on an ASP

24   based model.

25       21.    Objectivity has performed all of its obligations under the License Agreement.

26       22.    As a result of Exponential's breach of the License Agreement, Objectivity has been

27   damaged in an amount according to proof at trial, but which is not less than $2,000,000.  Such

28   damages include, but are not limited to, damages based on the additional amounts that Exponential

1  would have been required to pay as license, maintenance and support fees had it sought and

2  obtained a license authorizing the actual nature and extent of its use of the Software.

3       WHEREFORE Objectivity prays for judgment as set out in the prayer, below.

4
                        **VIII.   COUNT 2**
5                   (Copyright Infringement - Exponential)

6       23.     Objectivity repeats the allegations of paragraphs 1 through 16 above, as if

7  specifically set out herein.

8       24.     Objectivity invested substantial time, skill and resources into the writing of the

9  Software, to which Objectivity owns exclusive rights.  The Software embodies original expression

10  which constitutes copyrightable subject matter protectable under the Federal Copyright Act.

11      25.     Exponential's conduct in using the Software on a server other than a 2 CPU dual

12  core server, and with an application used for revenue generating, and/or as an ASP, contrary to the

13  License Agreement, constitutes the unauthorized exercise by Exponential of exclusive rights of

14  Objectivity in the Software which are protected by section 106 of the Copyright Act.  Such

15  infringed exclusive rights include Objectivity's right to use and license the copyrighted work.

16
        26.     As a consequence of Exponential's infringement of Objectivity's copyright in the
17
   Software, referred to in the preceding paragraph, Objectivity has suffered damages and other
18
   irreparable injury, and will continue to do so unless and until Exponential is enjoined from engaging
19
   it its unauthorized use, or otherwise ceases such unauthorized use, or Exponential obtains a license
20
   from Objectivity authorizing its past and currently unauthorized use.
21
        27.     By virtue of the foregoing, Objectivity is entitled to recover its actual damages from
22
23  Exponential, and/or Exponential's infringer's profits, in an amount according to proof at trial, but

24  which is not less than $2,000,000.  Alternatively, Objectivity is entitled to statutory damages.

25  Objectivity is also entitled to injunctive relief and costs, including attorney's fees.

26      28.     Notwithstanding demand by Objectivity to cease its unauthorized use of the

27  Software, Exponential has failed and/or refused to cease and desist from its infringing conduct.

28  Objectivity has therefore suffered and continues to suffer damages and other irreparable injury, and

will continue to do so unless and until Exponential is enjoined from engaging it its unauthorized use, or otherwise ceases such unauthorized use.

29.     On information and belief, Exponential installed and is using the Software on servers other than 2 CPU dual core servers, and has used and is using the Software with a revenue generating application, and/or has used or is using the Software in an application offered to customers on an ASP based model, in knowing disregard of the limitations of the license granted under the License Agreement.  By virtue of those circumstances, Exponential's copyright infringement is willful, and Objectivity is entitled to punitive damages in an amount according to proof.  Alternatively, Objectivity is entitled to enhanced statutory damages.

WHEREFORE Objectivity prays for judgment as set out in the prayer, below.

### IX.     COUNT 3
(Intentional Misrepresentation – Exponential and Rettig)

30.     Objectivity repeats the allegations of paragraphs 1 through 16 above, as if specifically set out herein.

31.     As alleged in paragraph 14, above, on or about December 11, 2013, Rettig and Exponential represented that "the Licenses are being used by Exponential only as permitted by, and in strict compliance with all of the restrictions set forth in, the [License] Agreement."

32.     At the time that Exponential and Rettig made the representation that "the Licenses are being used by Exponential only as permitted by, and in strict compliance with all of the restrictions set forth in, the [License] Agreement," that representation was false.

33.     At the time that Exponential and Rettig made the representation that "the Licenses are being used by Exponential only as permitted by, and in strict compliance with all of the restrictions set forth in, the [License] Agreement," Rettig knew that the representation was false, and intended that Objectivity should rely on the representation.

34.     Objectivity did rely on Rettig's representation that "the Licenses are being used by Exponential only as permitted by, and in strict compliance with all of the restrictions set forth in, the [License] Agreement."

FIRST AMENDED COMPLAINT BY OBJECTIVITY, INC. FOR BREACH OF CONTRACT,
COPYRIGHT INFRINGEMENT, AND MISREPRESENTATION

35.     As a direct and proximate result of Rettig's and Exponential's misrepresentation that that "the Licenses are being used by Exponential only as permitted by, and in strict compliance with all of the restrictions set forth in, the [License] Agreement," Objectivity has been damaged in an amount according to proof at trial, but which is not less than $100,000.

36.     In misrepresenting that "the Licenses are being used by Exponential only as permitted by, and in strict compliance with all of the restrictions set forth in, the [License] Agreement," Rettig and Exponential acted with oppression, fraud, and malice as defined in Civil Code section 3294, and Objectivity is entitled to punitive damages in addition to actual damages to make an example of and to punish these defendants.

## X.     COUNT 4
### (Negligent Misrepresentation – Exponential and Rettig)

37.     Objectivity repeats the allegations of paragraphs 1 through 16, and 30, 31 and 33, above, as if specifically set out herein.

38.     At the time that Exponential and Rettig made the representation that "the Licenses are being used by Exponential only as permitted by, and in strict compliance with all of the restrictions set forth in, the [License] Agreement," Rettig had no reasonable ground for believing it to be true.

39.     As a direct and proximate result of Rettig's and Exponential's misrepresentation that that "the Licenses are being used by Exponential only as permitted by, and in strict compliance with all of the restrictions set forth in, the [License] Agreement," Objectivity has been damaged in an amount according to proof at trial, but which is not less than $100,000.

WHEREFORE Objectivity prays for judgment as set out in the prayer, below.

## XI.     PRAYER FOR RELIEF

WHEREFORE, Objectivity prays for judgment as follows:

1.     On the First Cause of Action, for breach of contract, for damages against
       Exponential in an amount according to proof at trial, but which is not less than
       $2,000,000;

2.   On the Second Cause of Action, for copyright infringement, for damages against Exponential in an amount according to proof at trial, but which is not less than $2,000,000 for actual damages, or alternatively statutory damages, and for enhanced damages based on willfulness;

3.   On the Third Cause of Action, for intentional misrepresentation, for damages against Exponential and Rettig in an amount according to proof at trial, but which is not less than $100,000;

4.   On the Third Cause of Action, for intentional misrepresentation, for punitive damages against Exponential and Rettig in an amount according to proof at trial, but which is not less than $300,000;

5.   On the Fourth Cause of Action, for intentional misrepresentation, for damages against Exponential and Rettig in an amount according to proof at trial, but which is not less than $100,000;

6.   For interest at the legal rate on all of the above amounts;

7.   For costs of suit, including attorney's fees on the copyright infringement cause of action; and,

8.   For such further or alternative relief as may be appropriate.


Dated: January 9, 2015                       CARR & FERRELL LLP


                                             By:_____/s/ Stuart C. Clark_____
                                                   STUART C. CLARK

                                             Attorneys for OBJECTIVITY, INC.

FIRST AMENDED COMPLAINT BY OBJECTIVITY, INC. FOR BREACH OF CONTRACT,
COPYRIGHT INFRINGEMENT, AND MISREPRESENTATION

1

2

## DEMAND FOR JURY TRIAL

3

4      Objectivity hereby demands a jury trial of all issues in the above-captioned action which are

5   triable to a jury.

6

7   Dated:  January 9, 2015                         CARR & FERRELL LLP

8

9                                                   By:_____/s/ Stuart C. Clark_____
                                                         STUART C. CLARK

10

11                                                  Attorneys for OBJECTIVITY, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT BY OBJECTIVITY, INC. FOR BREACH OF CONTRACT,
COPYRIGHT INFRINGEMENT, AND MISREPRESENTATION

**CERTIFICATE OF REGISTRATION**



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

**FORM TX**
For a Literary Work
UNITED STATES COPYRIGHT OFFICE

REG  TX 3-942-314

EFFECTIVE DATE OF REGISTRATION
NOV 18 1994
Month  Day  Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

**TITLE OF THIS WORK ▼**

OBJECTIVITY/DB Version 3.X

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give:  Volume ▼       Number ▼        Issue Date ▼        On Pages ▼

**2**

**a**  **NAME OF AUTHOR ▼**

Objectivity, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
     Domiciled in▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Entire computer code

**b**  **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
     Domiciled in▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**  **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
     Domiciled in▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

NOTE: Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**3**

**a**  **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1994 ◀ Year

**b**  **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ May   Day ▶ 15th   Year ▶ 1994      ◀ Nation

**4**

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Objectivity, Inc.
301 B East Evelyn Avenue
Mountain View, California 94041

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
NOV 18 1994
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
NOV 18 1994
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-11) on the reverse side of this page.   • See detailed instructions   • Sign the form at line 10.

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT A

\* Amended by C.O.  Authority of telephone call on January 4, 1995 with Anne Peck.

| EXAMINED BY | | FORM TX |
| CHECKED BY | | |
| CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼        Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼
  Objectivity/DB Version 1.X, Objectivity Version 2.X being registered simultaneously with this work
b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼
  revised and additional material in code

**6**

—space deleted—

**7**

**REPRODUCTION FOR USE OF BLIND OR PHYSICALLY HANDICAPPED INDIVIDUALS** ...
a ☐ Copies and Phonorecords        b ☐ Copies Only        c ☐ Phonorecords Only

**8**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼        Account Number ▼

**9**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
Anne H. Peck
Cooley Godward Castro Huddleson & Tatum
Five Palo Alto Square, 4th Floor
Palo Alto, CA 94306
Area Code and Telephone Number ▶ (415) 843-5000

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
Check only one ▶ ☐ author ☐ other copyright claimant ☐ owner of exclusive right(s) ☒ authorized agent of Objectivity, Inc.
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼
Anne H. Peck        date ▶ 11/17/94
Handwritten signature (X) ▼

**10**

**MAIL CERTIFICATE TO**
Name ▼ Anne H. Peck, Esq.
Cooley Godward Castro Huddleson & Tatum
Five Palo Alto Square, 4th Floor
Palo Alto, CA 94306

**11**

July 1993—300,000        PRINTED ON RECYCLED PAPER        ☆U.S. GOVERNMENT PRINTING OFFICE: 1993-342-582/60,019